**Dated: September 22, 2021**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MULE SKY LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | Case No. 20-35561 (DRJ) |
| | ) | UNITED STATES BANKRUPTCY COURT |
| | ) | SOUTHERN DISTRICT OF TEXAS |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | (Formerly Jointly Administered under |
| | ) | Lead Case Gulfport Energy |
| | ) | Corporation, 20-35562) |
| | ) | |
| RAY H. POTTS, individually and as | ) | |
| trustee of the RAY H. POTTS LIVING | ) | |
| TRUST, dated June 15, 1998, an express | ) | |
| private trust created pursuant to the laws | ) | |
| of the State of Oklahoma, PATRICIA J. | ) | |
| POTTS, individually and as trustee of the | ) | |
| PATRICIA J. POTTS LIVING TRUST, | ) | Adv. No 21-1046-JDL |
| dated April 3, 1991, an express private | ) | |
| trust created pursuant to the laws of the | ) | |
| State of Oklahoma, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |

|                                                  |   |
|--------------------------------------------------|---|
| v.                                               | ) |
|                                                  | ) |
| GULFPORT ENERGY CORPORATION,                     | ) |
| a Delaware business corporation;                 | ) |
| GULFPORT MIDCON, LLC, a Delaware                 | ) |
| limited liability company; SCOOP                 | ) |
| ACQUISITION COMPANY, LLC,                        | ) |
| a Delaware limited liability company,            | ) |
|                                                  | ) |
| Defendants.                                      | ) |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING JURISDICTION AND REPORT AND RECOMMENDATION TO THE DISTRICT COURT TO IMMEDIATELY WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING**

**I. Introduction**

On the above date, the above matter came on for consideration upon the *Plaintiffs' and Defendants' Joint Motion to Withdraw Reference* [Doc. 45]. The Court, having reviewed the pleadings and *based upon the representations of the parties contained in the Joint Motion* herein makes the proposed findings and conclusions that it no longer should exercise its "related to" jurisdiction of this Adversary Proceeding. Pursuant to LCvR 81.4, the General Rule for the Reference of Bankruptcy Cases in the United States District Court for the Western District of Oklahoma, 28 U.S.C. § 157(d) and Fed.R.Bankr.P. 5011,[1] the Court recommends that the reference of this adversary case be withdrawn immediately.

The Court further recognizes that it cannot make the final determination with respect to withdrawal of the reference of this Adversary Proceeding from this Bankruptcy Court to

---

[1] Unless otherwise indicated, all rule references are to the Federal Rules of Bankruptcy Procedure 1001-9037.

2

the District Court on its own, and that this matter must be presented to the District Court for its consideration with respect to whether reference of this Adversary Proceeding must be withdrawn. Pursuant to Rules 7052 and 9014 and the factual representation of the parties' counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## II. Factual and Procedural Background

1. The Plaintiffs are purported royalty and mineral interest owners and lessors of gas leases in connection with wells that the Defendants operate. The Plaintiffs brought suit against the Defendants on June 2, 2021, in District Court of Grady County, Oklahoma in the case styled, *Patricia J. Potts et al., Plaintiffs v. Gulfport Energy Corp. et al, Defendants,* Case No. CV-2021-0087 (the "Litigation"), alleging, among other things, underpayment of certain purported overriding royalty interests ("ORRI") and carried working interests ("CWI") pursuant to that certain letter agreement, dated April 27, 1979 (the "Letter Agreement").

2. On November 13, 2020, each of Defendants filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Houston Bankruptcy Court"), commencing cases for relief under chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), which cases are being jointly administered under case number 20-35561 (DRJ) (collectively, the "Chapter 11 Cases").

3. On January 26, 2021, Plaintiffs filed proofs of claim in the Chapter 11 Cases ("Proofs of Claim") [Claim Nos. 1117 and 1120].

4. On March 12, 2021, the Plaintiffs filed the *Motion (I) to Authorize Revenue Compliance Auditor to Examine the Debtors' Books and Records, (II) to Compel Payment*

of Undisputed Overriding Royalty Interest, and (III) for Related Relief and Brief in Support (the "Audit Request Motion") [Bankr. Docket No. 920]. On April 2, 2021, Gulfport filed the *Debtors' Objection to the Motion (I) to Authorize Revenue Compliance Auditor to Examine the Debtors' Books and Records, (II) to Compel Payment of Undisputed Overriding Royalty Interest, and (III) for Related Relief and Brief in Support* [Bankr. Docket No. 1075]. Gulfport and the Plaintiffs consensually resolved the Audit Request Motion pursuant to the Joint Stipulation [Bankr. Docket No. 1418]. The Joint Stipulation did not resolve the issue of the Plaintiffs' asserted entitlements to ORRIs and CWIs. [Bankr. Docket No. 1418, ¶¶ 1 and 3, "[T]he Parties disagree on the amount and entitlement to certain ORRI and CWI based on the Agreements."].

5. On March 29, 2021, the Plaintiffs filed Ray and Patricia Potts's *Limited Objection to Debtors' (1) Joint Chapter 11 Plan of Reorganization and (2) Notice of Plan Supplement* (the "Plan Objection") [Bankr. Docket No. 1029]. Gulfport and the Plaintiffs resolved the Plan Objection through the inclusion of certain language in the *Order (I) Confirming the Amended Joint Chapter 11 Plan of Reorganization of Gulfport Energy Corporation and Its Debtor Subsidiaries and (II) Granting Related Relief* (the "Confirmation Order") [Bankr. Docket No. 1262, at ¶ 92].

6. On April 15, 2021, Gulfport filed the *Amended Joint Chapter 11 Plan of Reorganization of Gulfport Energy Corporation and Its Debtor Subsidiaries* (the "Plan"). On April 27, 2021, the Houston Bankruptcy Court signed the Confirmation Order, confirming the Plan.

7. The Plan became effective on May 17, 2021 (the "Effective Date"), and Gulfport

emerged from chapter 11. See *Notice of (A) Entry of Order (I) Confirming the Joint Chapter 11 Plan of Reorganization of Gulfport Energy Corporation and Its Debtor Subsidiaries and (II) Granting Related Relief, and (B) Occurrence of Effective Date* (Bankr. Docket No. 1393). The Houston Bankruptcy Court continues to oversee adversary proceedings and other matters related to Gulfport's bankruptcy. See *Order (I) Further Extending the Time Within Which the Reorganized Debtors May Remove Actions & (II) Granting Related Relief* [Bankr. Docket No. 1480].[2]

8. On June 22, 2021, the Defendants filed the *Notice of Removal of the State Court Action* removing the Litigation from the District Court of Grady County, Oklahoma to the Bankruptcy Court (this "Adversary Proceeding") [Doc. 1].

9. On July 6, 2021, the Plaintiffs filed the *Plaintiffs' Demand for Jury Trial Subject to Right to Seek Remand, Abstention, and/or Withdrawal of the Reference* [Doc.11].

10. On August 5, 2021, the Debtors filed the *Defendants' Motion for Entry of an Order Transferring Venue to the United States Bankruptcy Court for the Southern District of Texas Combined with Notice of Opportunity for Hearing and Brief in Support* [Doc. 32]. On the same day, the Plaintiffs filed the *Plaintiffs' Motion for Order Remanding the Case Pursuant to 28 U.S.C. § 1447(c)  and § 1452(b) and Awarding Fees and Expenses, or, Alternatively, Abstaining Pursuant to 28 U.S.C. §§ 1334(c)(1) and (c)(2), and Brief in Support* [Doc.31] and the *Plaintiffs' Motion for Withdrawal of the Reference and Brief in*

---

[2] On June 29, 2021, the Houston Bankruptcy Court entered its order closing the Gulfport Energy and certain affiliates bankruptcy cases (Case Nos. 20-35562-35571[Doc. 1545]. The Court's Order provided that the New Lead Case of Mule Sky LLC, Case No. 20-35561, would remain open and the Court would retain jurisdiction of matters concerning the administration of the assets and liabilities of all the closed cases in the case of Mule Sky LLC. Thus, the style of the case before this Bankruptcy Court bears the name of Mule Sky LLC as Debtor.

*Support, Subject to Plaintiff' Motion for Order Remanding Case Pursuant to 28 U.S.C. § 1447(c) and § 1452(b) and Awarding Fees and Expenses, or, Alternatively, Abstaining Pursuant to 28 U.S.C. §§ 1334(c)(1) and (c)(2)* (the "Motion for Withdraw") [Doc. 32].[3]

11. On August 26, 2021, the Parties reached an agreement that the Adversary Proceeding should proceed in the District Court.

### III. Discussion

The Parties' *Joint Motion* addresses the authority of the Bankruptcy Court to adjudicate the claims asserted in the Adversary Proceeding, including (i) whether the Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b) or a proceeding arising under or otherwise related to a case under title 11, and (ii) whether the Bankruptcy Court has the constitutional authority to enter a final order and judgment on the claims asserted in the Adversary Proceeding. For the reasons described below, the Parties, as does this Court, agree that this Adversary Proceeding is related to, but not a core proceeding under, the Chapter 11 Cases. This Court further believes that it does not have constitutional authority to enter a final order and judgment on the claims asserted in the Adversary Proceeding because the Plaintiffs have demanded a jury trial and do not consent to the Bankruptcy Court's authority to adjudicate the matter.

#### 1. The Bankruptcy Court and the District Court Have Subject Matter Jurisdiction over the Adversary Proceeding

Federal courts' subject matter jurisdiction over bankruptcy matters is provided

---

[3] As part of the agreement between the parties to have the reference withdrawn by their *Joint Motion,* the Plaintiffs withdrew their (1) *Motion for Order Remanding the Case* and *Motion for Withdrawal of the Reference and Awarding Fees and Expenses or Alternatively, Abstaining* [Doc. 47] and the Defendants have withdrawn their *Motion for Transferring Venue* [Doc. 46]

6

by 28 U.S.C. § 1334. District courts have "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). District Courts in turn refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Local Rule 81.4 provides for the following matters to be referred to the bankruptcy judges of the district court:

> (a) Matters Referred to the Bankruptcy Judges.
>
> (1) Pursuant to 28 U.S.C. § 157(a), all cases under Title 11 of the United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be and are hereby referred to the bankruptcy judges for this district.
>
> (2) The bankruptcy judges shall hear and determine all cases under Title 11 and all core proceedings arising under Title 11 or arising in a case under Title 11, and may enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158; provided, however, that personal injury tort and wrongful death claims shall be tried in the district court in accordance with 28 U.S.C. § 157(b)(5).
>
> (3) The bankruptcy judges may hear a proceeding that is not a core proceeding but that is related to a case under Title 11. Resolution of such matters shall be governed by 28 U.S.C. § 157(c).

Title 11 U.S.C. § 1334 lists four types of matters over which the district court and (by reference) the bankruptcy court have jurisdiction:

> (1) cases "under" Title 11 which are the bankruptcy cases themselves, initiated by the filing of a Chapter 7, Chapter 11, Chapter 13, etc. petition;
>
> (2) proceedings "arising under" Title 11 are matters that concern the administration of the bankruptcy case and have

no existence outside of the bankruptcy ("core" proceedings), including those listed under 28 U.S.C. § 157(b)(1) such as a preference recovery action, an objection to dischargeability or discharge, and objections to claims against the estate;

(3) proceedings "arising in" Title 11 are those that could not exist outside of the bankruptcy case, but are not causes of action created by the Bankruptcy Code such as plan confirmation; and

(4) proceedings "related to" a case under Title 11 such as a collection action against a third party for a pre-petition debt.

In general, "[c]ore proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *In re Johnson,* 575 F.3d 1079, 1082 (10th Cir. 2009) (quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). Core matters include "matters concerning the administration of the estate" under § 157(b)(2)(A) and "allowance or disallowance of claims against the estate or exemptions from property of the estate" under § 157(b)(2)(B). None of these provisions are applicable to this proceeding because (1) Plaintiffs' claims are not property of the estate,[4] (2) Plaintiffs withdrew their claims in the Bankruptcy Case so the Houston Bankruptcy Court will not be making any determination regarding allowance or disallowance of claims against the estate, and (3) Plaintiffs' claims are not "exempted property" under 11 U.S.C. § 522. The parties agree, as does the Court, that Plaintiffs' claims are not property of the estate.

Neither is this an action "under," "arising under" or "arising in" Title 11 because the

---

[4] In Gulfport's bankruptcy case in Houston, the Defendants agreed that Plaintiffs' claims are not property of the estate. See Joint Stipulation, Case No. 20-35562, Bankr. Docket No. 1418 ("Any interest or right of Potts regarding ORRI or CWI is not property of the Debtors' Estates and any rights, interests, defenses, or counterclaims of either Debtors or Potts, with respect to any ORRI and CWI owned by Potts, will not be altered, affected, modified, impaired, discharged and will be preserved in full as if Debtors' chapter 11 cases had not occurred.")

8

Plaintiffs' claims would exist without regard as to whether the Defendants were in bankruptcy. This Court's sole basis of jurisdiction is because the case is "related to" the bankruptcy.

The Supreme Court in *Celotex Corp.v. Edwards*, 514 U.S. 300, 308, fn. 6, 115 S.Ct. 1493 (1995) addressed the meaning of "related to" in the context of suits between third parties which may have an effect upon the bankruptcy estate:

> [T]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the *outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*.... Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

In the Tenth Circuit, see *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997) ("A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.' ") (quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir.1990)); *In re Otero County Hospital Association, Inc.,* 527 B.R. 719, 758 (Bankr. D. N.M. 2015). Under these standards, the Adversary Proceeding is related to the Chapter 11 Cases, but is not core to the Chapter 11 Cases.

Resolution of the Adversary Proceeding will determine, among other things, the cure amount Gulfport must pay the Plaintiffs, if any, in connection with the Defendants' assumption of the Letter Agreement. As such, "the outcome [of the Adversary Proceeding]

9

could alter the debtor's rights, liabilities, options, or freedom of action . . . thereby impacting [] the handling and administration of the bankruptcy estate," and both the Bankruptcy Court and the District Court have jurisdiction over the Adversary Proceeding as a matter "related" to Gulfport's bankruptcy. *Samson Resources Co. v. Occidental Energy Marketing, Inc.*, 2010 WL 11506028, at *4 (D. N.M. 2010) (quoting *Gardner*, 913 F.2d at 1518). Clearly, the federal court and, by reference, this Court have "related to" jurisdiction of this matter, but under the circumstances should *this* Court exercise jurisdiction?

### 2. While the Bankruptcy Court Has "Related To" Jurisdiction, Factors Militate in Favor of Discretionary Withdrawal of the Reference

As stated above, 28 U.S.C. § 157(a) provides that each district court may provide that any and all cases and any or all proceedings arising in, under, or related to the case be referred the bankruptcy judges in the district. Exceptions are "personal injury tort and wrongful death claims which must be tried in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending. 28 U.S.C. § 157(b)(5). The statute relevant here for withdrawal is § 157(d) which provides:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred to under this section, on its own motion or on timely motion of any party, for *cause* shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. (Emphasis added).

The second sentence of § 157(d) makes withdrawal of the reference on a "mandatory" basis. That is not applicable to the present case because the resolution of this adversary

proceeding does involve "consideration of both title 11 and the laws of the United States regulating organizations or activities affecting interstate commerce."

The issue here is whether there is a basis for withdrawal of the reference "for cause," that is, "discretionary withdrawal," the exception to the general rule that bankruptcy proceeding should be adjudicated in bankruptcy courts. The term "for cause" is not defined, and courts have been left to decide on a case-by-case basis whether cause exists. See e.g., *In re ParkLane/Atlanta Joint Venture*, 927 F.2d 532, 537 (11th Cir. 1991); *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).

Courts use a number of criteria in assessing whether "cause" exists to withdraw the reference, including "(1) whether the proceeding is core or non-core; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand." *In re Wahl*, 2012 WL 5199630, at *3 (N.D. Okla. 2012) (citing *Samson Res. Co. v. Valero Mktg. And Supply Co.*, 449 B.R. 120, 132 (D. N.M. 2011); *see also* 1 *Collier on Bankruptcy* ¶ 3.04 (16th ed. 2021) ("It has been stated that, in determining whether cause exists for withdrawing the reference, the court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, conservation of debtors' and creditors' resources, expediting the bankruptcy process, and the right to a jury trial."). The district court's decision to grant or deny discretionary withdrawal "for cause" is committed to the sound discretion of the District Court. See e.g., *In re Mirant Corp.*, 197 Fed.Appx. 285, 294 (5th Cir. 2006) ("Matters under Chapter 11 are within the district court's original

11

jurisdiction, and reference to and withdrawal from the bankruptcy court of bankruptcy matters is left to the discretion of the district court.").

On balance, the above-listed factors weigh in favor of withdrawing the reference:

1. The Adversary Proceeding is a non-core proceeding because it is only related to Gulfport's Chapter 11 Cases. "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn. . . . [H]earing core matters in a district court could be an inefficient allocation of judicial resources...." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994). As detailed above, resolution of the Adversary Proceeding will determine, among other things, the cure Gulfport must pay the Plaintiffs, if any, in connection with the Defendants' assumption of the Letter Agreement. Although this provides "related to" jurisdiction because "the outcome [of the Adversary Proceeding] could alter the debtor's rights, liabilities, options, or freedom of action . . . thereby impacting [] the handling and administration of the bankruptcy estate," it does not rise to the level of a core proceeding. *Samson Resources Co. v. Occidental Energy Marketing, Inc.*, 2010 WL 11506028, at *4 (D. N.M. 2010) (quoting *Gardner*, 913 F.2d at 1518); *see also* 28 U.S.C. § 157(b)(2)(A)–(P) (providing a non-exhaustive list of core proceedings). Thus, the first factor weighs in favor of withdrawing the reference.

2. As discussed above, the principles of efficiency and judicial economy support the withdrawal of the reference for the Adversary Proceeding. While the Bankruptcy Court has subject matter jurisdiction and may hear the Adversary Proceeding, the Plaintiffs do

not consent to the Bankruptcy Court's entry of a final order in the Adversary Proceeding [Doc. 10]. As a result, the Bankruptcy Court can hear, but not resolve, the Adversary Proceeding, and judicial economy weighs heavily in favor of withdrawing the reference, so that the Adversary Proceeding can be heard by the District Court, which can both hear *and* determine the Adversary Proceeding.

3. The Plaintiffs timely filed a jury demand [Doc. 11]. Within their filing, the Plaintiffs indicated that they do not consent to a jury trial before the Bankruptcy Court pursuant to 28 U.S.C. § 157(e). Thus, if Plaintiffs are entitled to a jury trial, the Bankruptcy Court may not conduct the trial under 28 U.S.C. § 157(e). The Bankruptcy Court's inability to conduct the jury trial can constitute cause for the District Court to withdraw the reference to the Bankruptcy Court. *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2nd Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

4. The leases and wells at issue are located in Grady County, Oklahoma, and a majority of the Parties reside in Oklahoma. Thus, the District Court provides a convenient venue for all parties, reduces travel costs, and allows for adjudication in a court familiar with these types of royalty disputes. In addition, because the District Court can both hear and determine the Adversary Proceeding, it allows the Parties to focus on a single forum and a continuous process from start to end, with the same judge overseeing every step of the Adversary Proceeding. The Houston Bankruptcy Court, while preserving the rights of the parties in the bankruptcy court, implicitly recognized the appropriateness and convenience of the parties proceeding in State Court. [Confirmation Order, Bankr. Docket No. 1262, ¶ 92].

This is not a situation where it would be appropriate when judicial resources might be preserved by letting the bankruptcy court conduct all pretrial matters and having the District Court conduct a jury trial for final disposition of the case because the bankruptcy court was more familiar with the background of the case.  This matter has not been before this bankruptcy judge, and any overlap between this adversarial proceeding and the related bankruptcy (state court case) case is slight.

In sum, the immediate withdrawal of the reference is appropriate and warranted here, where the proceeding is related to the Chapter 11 Cases but non-core; judicial economy and the convenience of the Parties weigh in favor of withdrawal; the Plaintiffs have filed a jury demand; the Plaintiffs had not consented for the Bankruptcy Court to enter a final order, and the Parties have jointly requested such withdrawal.

### 3. The Bankruptcy Court Lacks Constitutional Authority to Enter a Final Order and Judgment in the Adversary Proceeding

While the Bankruptcy Court has jurisdiction over the Adversary Proceeding, it does not have jurisdiction to enter a final order and judgment on the claims asserted in the Adversary Proceeding because the Adversary Proceeding is a related-to, but non-core, proceeding, and the Plaintiffs do not consent to the Bankruptcy Court's authority to adjudicate the matter [Doc. 10].  *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665, 670-71 (2015) ("[Congress] gave bankruptcy courts more limited authority in non-core proceedings: They may 'hear and determine' such proceedings, and 'enter appropriate orders and judgments,' only 'with the consent of all the parties to the proceeding.' § 157(c)(2).  Absent consent, bankruptcy courts in non-core proceedings may only 'submit

14

proposed findings of fact and conclusions of law,' which the district courts review *de novo*. § 157(c)(1)."); *Swinson v. Dealer Capitol Group, LLC,* 2019 WL 1579595 (N.D. Okla. 2019) (["B]ecause the Court finds that the adversary proceeding is not a core proceeding, the bankruptcy court cannot enter a final determination of the claims without the consent of all parties.").

Plaintiffs do not consent to the Bankruptcy Court's entry of a final order in the Adversary Proceeding (*i.e.*, the Bankruptcy Court has authority to hear, but not to determine, the Adversary Proceeding). Accordingly, as further described below, the principles of efficiency and judicial economy support the withdrawal of the reference for the Adversary Proceeding to be heard before the District Court.

## Conclusion

Consistent with the above proposed findings and conclusions, the Court believes that it should not exercise its jurisdiction to hear this Adversary Proceeding; however, the Court cannot make a final determination with respect to withdrawal of the reference on its own, and this matter must be presented to the District Court for its consideration with respect to whether the reference of this Adversary Proceeding is appropriate. Accordingly,

**IT IS ORDERED** that the Clerk of the Bankruptcy Court shall transmit this *Proposed Findings of Fact and Conclusions of Law Regarding Jurisdiction and Report and Recommendation to the District Court to Immediately Withdraw the Reference of This Adversary Proceeding* to the Clerk of the United States District Court for the Western District of Oklahoma for hearing before the District Court.

**# # #**